The opinion of the Court was delivered by
O’Neall, J.
In this case without more than merely stating, that the special verdict does not find that the title to the land in dispute was in the plaintiffs’ grantor, but leaves that to be inferred from the facts found, that there are deeds on record, by which his grantees conveyed to the defendant, which would be fatal to the plaintiffs’ motion to enter up judgment; (for no ad *58 ditional fact can be inferred from facts found in a special verdict :) — I proceed to consider the question under the deed.
That the limitation over would be good by way of executory devise, I do not entertain a doubt. For it would be within a life or lives in being and twenty-one years after. But the misfortune to the plaintiffs is that the question arises under a deed, and not under a will. It is a case of remainder.
Mr. Fearne in his book on Remainders, 6th Chap. 8th Sec. p. 371 says, “ A fee at common law cannot be mounted on a fee; as if lands are limited to one and his heirs, and if he dies without heirs, then to another; this last is void.”
In this case the first estate is a fee conditional at common law: and upon that is mounted a fee eventually to Elijah Gillett Allen and his heirs. The latter is void under the rule cited from Mr. Fearne.
The motion to reverse the decision below is dismissed.
Wardlaw, Frost, Withers and WhitNer, JJ., concurred.

Motion dismissed.